IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Robert Landrum, # 316331, ) | C/A NO. 8:08-2993-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Dr. David Bowens, DMD; Carla Davis, ) | |
| MAT; Douglas McPherson, DMD; ) | |
| George T. Hagan, Warden; and ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On July 16, 2009, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be denied except as to the dismissal of South Carolina Department of Corrections (SCDC). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections to the Report on July 28, 2009; Plaintiff filed objections to the Report on August 3, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The court has reviewed the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections. The court adopts the Report of the Magistrate except as to Defendant Warden George Hagan (Hagan).

### I. DEFENDANTS BOWENS AND DAVIS

The disputed issue of material fact in this matter is whether Plaintiff refused the extraction of certain teeth on June 19, 2008. Defendant Bowens (Bowens) avers that Plaintiff refused extractions and angrily departed the dental clinic; Plaintiff's averment is that he has never refused dental treatment and that he has, to this day, not received the treatment which the dentist deemed necessary on March 5, 2008. Moreover, Plaintiff's medical records do not indicate that he refused treatment, and Plaintiff argues in his response to the motion for summary judgment that SCDC policy requires that a "Refusal of Medical Advice Form" be signed by an inmate or by two employees if the inmate refuses to sign. *See* Resp. at 9 (Dkt. # 13, filed Jan. 7, 2009). No such form is included in Plaintiff's medical records, nor have Defendants disputed this contention.

Therefore, the court **denies** the motion for summary judgment as to Defendants Bowens and Davis.

### II. DEFENDANT MCPHERSON

As of at least July 11, 2008, Defendant McPherson was aware that the extractions had not been done at the June 19, 2008, appointment. Plaintiff submitted a Step Two Grievance ("Grievance

2") dated June 25, 2008,[1] wherein Plaintiff complained that Hagan's response to his Grievance 1 Appeal failed to address one of the items on which he had requested relief. *See* Pl. Ex. 11 to Resp. to Mot. for Summ. J. (hereinafter "Pl. Ex. ___") (filed Jan. 7, 2009). In his response to Grievance 2, dated July 11, 2008, McPherson responded: "Your medical record was reviewed in light of your grievance. . . . The dentist at Allendale has seen you and you will be re-scheduled. . . . You will be re-scheduled to see the dentist ASAP." *Id*.

In reviewing Plaintiff's medical records, McPherson would have been on notice that Bowens had deemed it necessary to extract at least two of Plaintiff's remaining teeth, and that this procedure had not been done. Moreover, McPherson represented to Plaintiff that an appointment would be rescheduled which was not done. Therefore, a reasonable jury could find that McPherson, in his capacity as Dental Director of SCDC, acted with deliberate indifference to Plaintiff's serious medical needs.

Therefore, the court **denies** the motion for summary judgment as to Defendant McPherson.

### III. QUALIFIED IMMUNITY – DEFENDANTS BOWENS, DAVIS, MCPHERSON

There is no dispute that the constitutional right in question was clearly established at the time of this incident. However, "a genuine question of material fact regarding '[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Id*. Therefore, Defendants Bowens, Davis, and McPherson are not entitled to qualified immunity, and this matter shall proceed to trial on the narrow issue of what occurred on and after June 19, 2008.

---

[1] The Step 2 Grievance is dated by Plaintiff on June 25, 2008. It is noted as having been received on this same date, but also has a stamp as having been received on July 3, 2008. Therefore, in the light most favorable to Plaintiff, for purposes of this motion, the court finds that Plaintiff submitted his Step 2 Grievance on June 25, 2008.

3

### IV. DEFENDANT HAGAN

The court finds there is insufficient evidence to support a finding of supervisory liability as to Hagan. The disputed issue of material fact centers on the events on and after June 19, 2008. Plaintiff has not submitted any evidence that Defendant Hagan had actual or constructive knowledge of Defendants' alleged deliberate indifference before June 17, 2008, the date on which he (Hagan) signed his response to Plaintiff's Grievance appeal. Moreover, Plaintiff's missed appointment was rescheduled for two days later, that is, June 19, 2008. This very short time period between knowledge and action does not show deliberate indifference on the part of Defendant Hagan.

Generalized complaints regarding availability of dental care at ACI is no evidence, considered in the light most favorable to Plaintiff, that Hagan was deliberately indifferent to Plaintiff's situation. As noted above, Plaintiff was scheduled for and seen in the dental clinic a mere two (2) days after Hagan signed the response to Plaintiff's Grievance 1 appeal, and Plaintiff has submitted no evidence of Hagan's direct knowledge or involvement after June 17, 2008.

Therefore, Defendant Hagan's motion for summary judgment is **granted**.

### V. DEFENDANT SCDC

As noted above, the court adopts the Report's recommendation as to SCDC. Therefore, Defendant South Carolina Department of Corrections is dismissed from this action without prejudice based upon SCDC's Eleventh Amendment immunity. As correctly noted by the Magistrate Judge, SCDC is not a "person" amenable to suit under § 1983. Therefore, to the extent Plaintiff seeks to assert constitutional claims against SCDC, these claims are dismissed from this action with prejudice.

### VI. CONCLUSION

The motion for summary judgment filed by Defendant Hagan is **granted**. The motion for summary judgment filed by Defendants Bowens, Davis, and McPherson is **denied**. Plaintiff's claims against Defendant SCDC asserted under the South Carolina Tort Claims Act are dismissed from this action without prejudice. Any claims against Defendant SCDC based upon § 1983 are dismissed with prejudice.

This matter shall proceed to trial during this court's term of court beginning **January 10, 2010**. A pretrial videoconference shall be held on **Tuesday, November 24, 2009, at 2:00 p.m.**, Courtroom #2, Matthew J. Perry, Jr., United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201.[2]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 24, 2009

---

[2] On September 23, 2009, Plaintiff filed a "Motion to Clarify," relating to the filing fee in this matter. Dkt. # 33. This matter shall be addressed at the pretrial videoconference.